UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI ANN MORRIS, et al., | Case No. 26-cv-01563-JST |
| Plaintiffs, | |
| v. | **ORDER TRANSFERRING CASE TO THE WESTERN DISTRICT OF LOUISIANA** |
| ORA VIRGINIA EVANS, et al., | |
| Defendants. | Re: ECF No. 13 |

The Court issued an order to show cause as to why this case should not be dismissed for improper venue.  ECF No. 13.  Plaintiff Terri Ann Morris filed a response asserting that venue is proper for this dispute as she is a resident of California and she has received communications regarding the Louisiana property dispute to her home in this district.  ECF No. 14 at 1–2.

According to the Federal Rules of Civil Procedure, a civil case may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  If the Court finds that venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  "The Court may sua sponte raise improper venue so long as the defendant has not filed a responsive pleading and the parties are provided with an opportunity to respond to the issue."  *Eliason v. United States Dep't of Justice*, No. CV 20-00257 JAO-WRP, 2020 WL 3258407, at *1 (D. Haw. June 16, 2020) (citing *Costlow v. Weeks*, 790 F.2d 1486, 1488

United States District Court
Northern District of California

United States District Court
Northern District of California

(9th Cir. 1986)).

Morris' personal residence in this district does not render venue proper here.  ECF No. 14 at 2.  *McCormack v. Safeway Stores, Inc.*, No. C 12-4377 MEJ, 2012 WL 5948965, at *3 (N.D. Cal. Nov. 28, 2012).  This case involves a will probated in Morehouse Parish, Louisiana.  ECF No. 11 at 2.  While Morris may have experienced some effects of the probate process in this district, "[m]erely being the situs of plaintiff's injury is insufficient—otherwise venue would always be proper in a plaintiff's district because the impact of the injury will almost always be there."  *Mach 1 Air Servs. Inc. v. Bustillos*, No. CV-12-02617-PHX-GMS, 2013 WL 1222567, at *10 (D. Ariz. Mar. 25, 2013).  Communications from the defendants mailed to Morris' address in this district are similarly insufficient to establish venue.  *Memmott v. Manning*, No. 2:24-CV-1395-TLN-CKD PS, 2025 WL 1089408, at *1 (E.D. Cal. Mar. 11, 2025) ("Although plaintiff asserts that he received communications regarding the subject dispute in this district, that is insufficient to establish venue in the Eastern District of California.").  Morris's claim that she cannot safely litigate in Louisiana as some of the defendants are Louisiana state and local officials and court authorities also does not establish a basis for establishing venue in this district.  ECF No. 14 at 2–3.

In light of the Court's conclusion that this case was filed in the wrong district, the Court must either (1) "dismiss for improper venue" or (2) "transfer [the] case" to the proper district if doing so would be in the interest of justice.  *See* 28 U.S.C. § 1406(a).  Because "dismissal of an action that could have been brought elsewhere is time-consuming and justice-defeating," courts usually find that transfer is in the interest of justice. *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (simplified).  Morris argues that she seeks transfer rather than dismissal under 28 U.S.C. § 1406(a) but to a district other than the Western District of Louisiana due to her fears for her safety, "involvement of Louisiana officials," and "retaliation."  ECF No. 14 at 3.  Morris offers no authority stating that this Court has the power to grant such a request, and the Court concludes that the request must be made to the court in the proper venue, i.e., the Western District of Louisiana.

2

**CONCLUSION**

For the reasons set forth above, the Court finds that venue in the Northern District of California is improper and that transfer under 28 U.S.C. § 1406(a) is appropriate. The clerk is directed to transfer this case to the United States District Court for the Western District of Louisiana.

**IT IS SO ORDERED.**

Dated:  July 28, 2026



JON S. TIGAR
United States District Judge

3